IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JARED L. CRUSE | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv283 |
| SHAMARCUS D. HOUSTON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jared L. Cruse, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Shamarcus D. Houston, a correctional officer.  This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion to dismiss filed by the defendant pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (doc. no. 12).

Factual Allegations

Plaintiff alleges the defendant used force against him twice on the same day.  The first time, plaintiff states the defendant snatched him off the bottom stair on the first floor and pushed him behind the staircase.  After a brief interval, plaintiff contends the defendant, after throwing his jacket, radio and keys to the floor, turned and attacked him spontaneously.  He states he and the defendant nearly went over the railing on the second floor.  Plaintiff asks to be compensated for his pain and suffering and for the time he spent subjected to restrictive conditions.

The Motion to Dismiss

To the extent that he is sued in his official capacity, the defendant asserts he is entitled to immunity under the Eleventh Amendment.  In addition, the defendant asserts that as plaintiff does not allege he suffered any physical injuries or was the victim of a sexual act, 42 U.S.C. § 1997e(e) bars him from recovering compensatory damages.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief may be granted. A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject-matter jurisdiction of a federal court to hear a claim. A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Homebuilders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3 1006, 1010 (5th Cir. 1998) (citation omitted). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Analysis

*Eleventh Amendment Immunity*

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf States Utilities Company*, *Local Union Number 2286,* 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against a state official in his or her official capacity. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 609

(2001).  Federal claims against state officials in their official capacities are the equivalent of suits against the state.  *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, the defendant is entitled to immunity under the Eleventh Amendment to the extent he is sued in his official capacity for money damages.  The court therefore lacks subject-matter jurisdiction over any official capacity claim.

*Physical Injury*

Title 42 U.S.C. § 1997e(e) bars a prisoner from recovering compensatory damages for emotional or mental injuries without a showing of physical injury or an allegation that a sexual act was committed.  *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).  As plaintiff does not allege he suffered a physical injury or that a sexual act was committed, Section 1997e(e) bars his request for compensatory damages.  His claim should therefore be dismissed.

<u>Recommendation</u>

The motion to dismiss should be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 8th day of June, 2023.

_____
Zack Hawthorn
United States Magistrate Judge

3